IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN DEJOURN JORDAN,** : | CIVIL ACTION |
| Petitioner, : | |
| : | |
| v. : | No. 13-2503 |
| : | |
| **GERALD ROZUM, et al.,** : | |
| Respondents. : | |
| : | |

**Goldberg, J.**                                                                 October 3, 2016

### Memorandum

This memorandum addresses Petitioner Kevin Dejourn Jordan's objections to the Report and Recommendation of Magistrate Judge David R. Strawbridge who recommended that Jordan's habeas petition be dismissed with prejudice. For the reasons that follow, I will adopt, in large part, the Report and Recommendation. While I reach the same outcome as Judge Strawbridge and will deny the habeas petition, I decline to follow Judge Strawbridge's application of Martinez v. Ryan, 132 S. Ct. 1309 (2012).

### I.   FACTUAL AND PROCEDURAL HISTORY

The following factual recitation is taken from the Pennsylvania Superior Court's opinion affirming the denial of Jordan's post-conviction petition:

> In December 2006, narcotics agents from the Pennsylvania Attorney General's Office and Philadelphia police officers began making undercover cocaine buys from Zakia Clark. The agents and police later identified Shannon McKeiver and Preston Suttles as Clark's suppliers. Narcotics agents obtained permission to wiretap McKeiver's and Suttles' phones in March 2007.
>
> * * *
>
> Law enforcement agents learned during the course of their investigation that [Jordan] had enlisted the help of McKeiver and [Derrick] Thompson to kidnap and rob another drug dealer.

1

> The officers subsequently stopped [Jordan] and McKeiver in the parking lot of a drug store in Philadelphia as the men were leaving to commit the kidnapping and robbery. Police recovered a .40 caliber handgun, an extra magazine, a crowbar, latex gloves, a roll of duct tape and bungee cords with clips from [Jordan's] vehicle. They also discovered a .40 caliber handgun inside McKeiver's vehicle.

(Pa. Super. Ct. Op. 4/15/12 pp. 1-2.)

Prior to trial, Jordan's attorney filed a motion to sever, arguing that there was no evidence to tie Jordan to the larger drug distribution conspiracy. After a hearing, the trial court denied this motion and Jordan was tried along with five co-defendants.[1]

On March 26, 2009, Jordan was convicted of conspiracy (possession of a controlled substance with intent to distribute), criminal use of a communication facility, possession of an instrument of crime, solicitation (kidnapping and/or robbery), conspiracy (kidnapping and/or robbery) and criminal attempt (kidnapping and/or robbery). He was acquitted of the following charges: corrupt organizations and conspiracy (corrupt organizations). On June 16, 2009, he was sentenced to 10 to 24 years imprisonment.

On December 9, 2010, the Pennsylvania Superior Court affirmed Jordan's conviction and sentence. The Superior Court concluded that the evidence established that McKeiver plotted with Jordan to kidnap and/or rob a "third party drug dealer" to "sustain his trafficking operation during a period of short supply" and that all of Jordan's claims lacked merit. (Pa. Super. Ct. Op. 12/9/10 p. 5.) On June 1, 2011, the Pennsylvania Supreme Court denied Jordan's allocatur petition.

On October 21, 2011, Jordan filed a pro se PCRA petition and, thereafter, attorney Erin Lentz was appointed to represent Jordan for the PCRA proceedings. On January 5, 2012, Lentz

---

[1] Multiple other co-defendants obtained severance or pled guilty prior to trial.

2

moved to withdraw pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). On January 18, 2012, the PCRA court granted Lentz's motion to withdraw.

On January 28, 2012, the PCRA court filed a notice of intent to dismiss the PCRA petition. On January 29, 2012, Jordan filed a pro se motion to amend the PCRA petition and, on July 2, 2012, he filed an objection to the notice of intent to dismiss. On July 11, 2012, the PCRA petition was denied without a hearing.

On August 17, 2012, Jordan filed a notice of appeal of the denial of his PCRA petition. On September 17, 2012, at the PCRA court's direction, Jordan filed a statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On October 11, 2012, Jordan filed an amended 1925(b) statement.

On October 24, 2012, the PCRA court filed an opinion setting forth its reasons for denying Jordan's PCRA petition. On April 15, 2013, the Pennsylvania Superior Court affirmed the denial of Jordan's PCRA petition.

On May 6, 2013, Jordan filed the instant habeas petition raising the following four claims: (1) PCRA counsel was ineffective for failing to raise a Brady claim[2], (2) PCRA counsel was ineffective for failing to raise the ineffectiveness of direct appeal counsel for failing to raise the denial of the motion to sever, (3) PCRA counsel was ineffective for failing to raise the ineffectiveness of direct appeal counsel for failing to raise a prosecutorial misconduct claim in connection with remarks made during closing arguments, and (4) PCRA counsel was ineffective for failing to raise a prosecutorial misconduct claim for presenting false testimony.

---

[2] Prior to trial, Jordan's attorney requested surveillance photographs and/or video that the investigating agents took of Jordan meeting with McKeiver. The prosecution informed Jordan that the evidence had been misplaced when the prosecutor's office underwent renovations. This missing evidence forms the basis of Jordan's Brady claim.

In his Report and Recommendation, Judge Strawbridge concluded that claims one and four are non-cognizable. See 28 U.S.C. § 2254 ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254").

Judge Strawbridge concluded that claims two and three are procedurally defaulted and then considered whether there was cause and prejudice to excuse the default.[3] In his cause and prejudice analysis, Judge Strawbridge states "insofar as [claims two and three] hinge on allegations involving the ineffectiveness of both PCRA counsel and appellate counsel, we consider them under the Martinez framework." (Report p. 11.)[4] However, rather than first "determining whether Martinez applies," Judge Strawbridge instead noted his "discretion to analyze Jordan's claims on the merits irrespective of any default," and concluded that claims two and three fail on the merits. (Id.)

Jordan has filed objections in which he challenges the Report and Recommendation's analysis as to all four claims. The Government filed a response and Jordan has filed a reply.

## II. LEGAL STANDARDS

The authority of federal courts to issue habeas corpus relief to persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

---

[3] Judge Strawbridge noted that "Jordan can avoid such a procedural bar if he can show 'cause and prejudice' as to the default or 'actual innocence.'" (Report p. 11.) Judge Strawbridge stated that Jordan had made "no claim of actual innocence, nor is there any convincing evidence of such on the record before us." (Id.) Based on my independent review of the record, I agree.

[4] In Martinez v. Ryan, 132 S.Ct. 1309 (2012), the United States Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 1317.

a. **Exhaustion of Remedies**

Pursuant to section 2254(b), habeas relief shall not be granted to a "person in custody pursuant to the judgment of a State court . . . unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). In order to satisfy this requirement, a petitioner must have "fairly presented" the merits of his federal claims during "one complete round of the established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

b. **Procedural Default**

If a petitioner fairly presents a claim to the state courts, but it was denied on a state law ground that is "independent of the federal question and adequate to support the judgment," the claim is procedurally defaulted and not subject to federal review. Coleman v. Thompson, 501 U.S. 722, 729 (1991). This includes instances where a state court refuses to hear the petitioner's federal claim on the grounds that the petitioner violated a state procedural rule. Gray v. Netherland, 518 U.S. 152, 162 (1996); Coleman, 501 U.S. at 750.

However, the violation of a state procedural rule does not automatically prevent federal review of the habeas claim. The state procedural rule must have been "firmly established and regularly followed" at the time for the claim to be defaulted. Taylor v. Horn, 504 F.3d 416, 427-28 (3d Cir. 2007) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

Additionally, a petitioner can obtain federal habeas review of his defaulted claims if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of

5

federal law, or demonstrate that failure to consider these claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.[5]

### c. **Standard of Review for Habeas Petitions**

AEDPA "imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." Felkner v. Jackson, 562 U.S. 594, 598 (2011) (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)). Section 2254(d) provides that habeas corpus relief shall not be granted with "respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –"

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding

A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth" in Supreme Court precedent, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different." Williams v. Taylor, 529 U.S. 362, 405-6 (2000). As such, "a run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court precedent] to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." Id. at 406.

A state court decision constitutes "an unreasonable application of" clearly established federal law if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407–08. In conducting this

---

[5] To establish the requisite "fundamental miscarriage of justice," as an alternative to showing cause and prejudice, a petitioner must demonstrate "actual innocence." Schlup v. Delo, 513 U.S. 298, 324 (1995).

analysis, a court may not grant habeas relief simply "because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

### d. **Review of a Magistrate Report and Recommendation**

Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a Report and Recommendation have been filed, the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C), Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Jordan objects to the Report and Recommendation's conclusion that claims one and four are non-cognizable as well as the determination that claims two and three fail on the merits.

### a. *Claims 1 and 4*

Jordan first objects to the conclusion that claims one and four are non-cognizable because they are premised on the alleged ineffective assistance of his PCRA counsel. He argues that this conclusion "is in error and plainly disregards the United States Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012)." (Pet.'s Objs. p. 4.)

Jordan misconstrues the import of the Supreme Court's holding in Martinez. There, the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. The

United States Court of Appeals for the Third Circuit has explained that Martinez "did not announce a new constitutional rule or right for criminal defendants, but rather an equitable rule prescribing and expanding the opportunity for review of their Sixth Amendment claims." Cox v. Horn, 757 F.3d 113, 124 (3d Cir. 2014).

As it relates to the case before me, Martinez did not extend the Sixth Amendment right to counsel to the PCRA stage nor did Martinez recognize ineffective assistance of PCRA counsel as a ground for habeas relief. As Judge Strawbridge noted, section 2254(i) clearly forecloses Jordan's ability to assert a standalone claim of ineffective assistance of PCRA counsel. See § 2254(i) ("ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254").

Alternatively, Jordan argues that the Report and Recommendation failed to liberally construe claims one and four as raising layered claims of ineffective assistance of trial and/or appellate counsel or trial court error. However, even if they could be construed in such a fashion as to render them cognizable, Jordan is not entitled to relief on claims one and four.

Regarding claim one, the Pennsylvania Superior Court concluded that there was "no merit" to Jordan's underlying Brady claim. (Pa. Super. Ct. Op. 4/15/13 p. 24.) In so holding, the Superior Court noted that Jordan "concede[d]" that the surveillance video and/or photographs were possibly lost or misplaced during a renovation at the prosecutor's office. The Superior Court determined that the Brady claim was non-meritorious because Jordan did not allege that the failure to preserve the allegedly exculpatory material was in bad faith. (Id.) Jordan has not demonstrated that the Superior Court's adjudication of that claim was contrary to or an

8

unreasonable application of Supreme Court precedent. See Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988). As such, even if claim one was cognizable, it would fail on the merits.

Regarding claim four, the Superior Court determined that Jordan's claim of prosecutorial misconduct for presenting false testimony was waived. The Superior Court concluded that Jordan had not presented this issue to "the PCRA court in his pro se PCRA petition, his petition to amend his PCRA petition, or his objection to the PCRA court's notice of intent to dismiss his petition." (Pa. Super. Ct. Op. 4/15/13 p. 27.) As such, even if claim four was cognizable, it is procedurally defaulted and Jordan has not demonstrated cause and prejudice to excuse the default.

As such, Jordan's objections regarding claims one and four are overruled and I adopt the Report and Recommendation as to claims one and four.

    b. *Claims 2 and 3*

Jordan next objects to Judge Strawbridge's recommendation that claims two and three be denied as they fail on the merits. Although I agree with Judge Strawbridge that Jordan is not entitled to relief on claims two and three, I reach this conclusion for a different reason.

Judge Strawbridge correctly concluded that claims two and three are procedurally defaulted. Jordan first presented claims two and three to the state courts in his 1925(b) statement challenging the dismissal of his PCRA petition. However, a claim is waived if it is "raised for the first time in Appellant's Pa. R. A. P. 1925(b) statement." Commonwealth v. Coleman, 19 A.3d 1111, 1118 (Pa. Super. 2011). As such, the PCRA court concluded that claims two and three had been waived. (PCRA Ct. Op. 10/24/12 pp. 8-10.) The Pennsylvania Superior Court agreed. (Pa Super. Ct. Op. 4/15/13 p. 9) (citing Pa. R. App. P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."))

Although Jordan presented claims two and three to the state courts, the claims were denied on state law procedural grounds. The waiver rule on which the state courts relied was firmly established and regularly followed during the period in which Jordan was litigating his PCRA petition and the denial thereof. As such, Judge Strawbridge properly concluded that the claims are procedurally defaulted. See Coleman, 501 U.S. at 729.

Judge Strawbridge then noted that, under Martinez, Jordan could potentially invoke the alleged ineffective assistance of his PCRA counsel to excuse the default of these claims. Instead of determining whether Jordan could satisfy the criteria for applying Martinez, Judge Strawbridge invoked his discretion and recommended disposing of the claims on the merits. See § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

Although it was within Judge Strawbridge's discretion to recommend that the claims be resolved on the merits, because it is my view that Martinez does not apply, I will not consider the merits of claims two and three.[6]

In Martinez, the underlying procedurally defaulted claim was one of ineffective assistance of trial counsel. Nonetheless, many litigants have attempted to invoke Martinez to excuse the procedural default of a wide range of underlying claims. Here, Jordan invokes

---

[6] The government also argued that Jordan cannot invoke the ineffective assistance of PCRA counsel under Martinez because he was pro se at the PCRA stage. However, there is some support to conclude that Martinez also applies where a petitioner was pro se at the initial collateral review stage. See Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012) ("a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective") (emphasis added). I need not reach this issue because I have determined that Martinez does not apply where the underlying defaulted claim is one of ineffective assistance of appellate counsel.

Martinez to excuse procedurally defaulted claims of ineffective assistance of appellate counsel. The Third Circuit has yet to address whether, under Martinez, ineffectiveness of PCRA counsel can supply cause to excuse the procedural default of a claim of ineffective assistance of appellate counsel.

However, the Sixth, Seventh, Eight and Tenth Circuits have all explicitly held that Martinez does not apply where the underlying claim is one of ineffective assistance of appellate counsel. See Hodges v. Colson, 727 F.3d 517, 531 (6th Cir. 2013) (under Martinez, "ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel"); Long v. Butler, 809 F.3d 299, 314 (7th Cir. 2015), reh'g en banc granted, judgment vacated on other grounds, 2016 WL 1621711 (7th Cir. Apr. 20, 2016) (Martinez does not apply to defaulted claims of ineffective assistance of appellate counsel); Dansby v. Hobbs, 766 F.3d 809, 833 (8th Cir. 2014) ("We . . . decline to extend Martinez to claims alleging ineffective assistance of counsel on direct appeal"); Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir. 2012) (Martinez does not apply to defaulted claims of ineffective assistance of appellate counsel).

In dicta, the Fifth Circuit indicated that it would follow suit. See Reed v. Stephens, 739 F.3d 753, 778 (5th Cir. 2014) ("[t]o the extent [petitioner] suggests that his ineffective-assistance-of-appellate-counsel claims also should be considered under Martinez, we decline to do so").

Although it has not specifically ruled that Martinez does not apply to underlying claims of appellate counsel ineffectiveness, the Eleventh Circuit has nonetheless adopted the foregoing majority understanding of Martinez's limited scope. See Gore v. Crews, 720 F.3d 811, 816 (11th Cir. 2013) ("By its own emphatic terms, the Supreme Court's decision in Martinez is limited to

11

claims of ineffective assistance of trial counsel that are otherwise procedurally barred due to the ineffective assistance of post-conviction counsel. [Plaintiff] is not asserting a claim of ineffective assistance of trial counsel"); Hamm v. Comm'r, 620 F. Appx. 752, 763 (11th Cir. 2015) ("this Court has repeatedly emphasized, Martinez does not extend beyond claims of ineffective assistance of trial counsel").

Judges in this district have reached similar conclusions. See Givens v. Kyler, 2014 WL 6883513, at *7 (E.D. Pa. Dec. 8, 2014) (Martinez only applies where the underlying claim is one of ineffective assistance of trial counsel); House v. Warden, 2015 WL 4508937, at *4 (M.D. Pa. July 24, 2015) (Martinez is "only applicable in the circumstance where PCRA counsel was ineffective in the initial-review collateral proceeding on a claim of ineffective assistance at trial" and has "no bearing on claims of trial court error).

The Ninth Circuit stands alone in holding that the "Martinez standard for 'cause' applies to all Sixth Amendment ineffective-assistance claims, both trial and appellate, that have been procedurally defaulted by ineffective counsel in the initial-review state-court collateral proceeding." Ha Van Nguyen v. Curry, 736 F.3d 1287, 1295 (9th Cir. 2013).

For the following reasons, I agree with the reasoning of the majority of courts and conclude that Martinez is limited to situations in which the underlying procedurally defaulted claim is one of ineffective assistance of trial counsel. Such allegations are not raised here and, thus, Jordan's request for relief in connection with claims two and three will be denied.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held that the ineffective assistance of post-conviction counsel does not constitute cause to excuse procedural default. Id. at 752-755. In Martinez, the Supreme Court "qualifie[d] Coleman by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may

12

establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 132 S. Ct. at 1315 (emphasis added). In reaching this conclusion, the Supreme Court made explicit that "[t]he rule of Coleman governs in all but the limited circumstances recognized here." Id. at 1320. The Court further explained that "the limited nature of the qualification to Coleman adopted here reflects the importance of the right to the effective assistance of trial counsel." Id. (emphasis added).

Therefore, outside of the limited circumstances identified in Martinez, Coleman remains the law and the ineffective assistance of post-conviction counsel cannot supply cause to excuse the procedural default of an underlying claim of ineffective assistance of appellate counsel.

I agree with Judge Strawbridge's conclusion that Jordan is not entitled to relief on claims two and three. However, as explained above, I reach this conclusion by taking a different path because Martinez does not apply and Jordan has not demonstrated cause and prejudice to excuse the procedural default of claims two and three.

## IV.    CONCLUSION

For the reasons stated above, I will adopt in part, and decline to adopt in part, the Report and Recommendation of Magistrate Judge Strawbridge. An appropriate Order follows.